H<span style="font-variant:small-caps">UNT</span>, C.J., and S<span style="font-variant:small-caps">EINFELD</span>, J., concur.

Review denied at 149 Wn.2d 1013 (2003).

[No. 20690-4-III.   Division Three.   October 8, 2002.]

J<span style="font-variant:small-caps">ASON</span> P<span style="font-variant:small-caps">ORTCH</span>, <span style="font-variant:small-caps">ET AL</span>., *Appellants*, v. H<span style="font-variant:small-caps">EATHER</span> S<span style="font-variant:small-caps">OMMERVILLE</span>, <span style="font-variant:small-caps">ET AL</span>., *Respondents*.

*Gregory G. Staeheli* and *Anna M. Cutler* (of *Kain, Snow & Staeheli*), for appellants.

*Patrick G. McMahon* (of *Carlson & McMahon*), for respondents.

SCHULTHEIS, J. — Jason and Tami Portch appeal the trial court's denial of their motion for a new trial. The motion was based on their contention that the trial court denied them the opportunity to exercise any of their peremptory challenges during jury selection. We agree they were denied the opportunity to exercise their peremptory challenges but find their refusal of the court's offer to declare a mistrial renders the error harmless. The court's denial of a new trial is affirmed, and the Portches' request for attorney fees is denied.

## FACTS

The Portches sued Heather Sommerville for negligence arising from a motor vehicle accident. The matter was set for a jury trial in Spokane County Superior Court. The jury voir dire was not transcribed for the record, but it is not necessary for our analysis. The verbatim report of proceedings commences "during peremptory challenges of jury panel after it had been sworn and examined on voir dire by both counsel." Report of Proceedings (RP) at 2.

The record reveals that Ms. Sommerville's counsel properly exercised the defense's three peremptory challenges, replacing jurors 2, 5, and 6 with jurors 13, 14, and 15 respectively. Counsel for the Portches "waived" as to the first 12 jurors, then jurors 13 and 14 and, later, juror 16 (as the alternate). Clerk's Papers (CP) at 5. However, when the Portches' counsel attempted to exercise a peremptory challenge on juror 15, the challenge was denied. The Portches argued they had not exercised *any* of their peremptory challenges and, as such, they were entitled to exercise their first peremptory challenge to excuse juror 15. Their counsel explained to the court, "I'm contending a failure to exercise a challenge to existing jurors who are in the box does not constitute a waiver of all challenges to the rest of the jurors who are not in the box." RP at 3. The court disagreed and determined the Portches exercised their three peremptory challenges when they waived the jurors in the box at the time Ms. Sommerville exercised each of her peremptory challenges.

Because he disagreed with the court's decision, counsel for the Portches initially refused to approve the jury panel. The court explained that if the Portches did not approve the jury panel, a mistrial would be declared and a second jury panel would be selected. The Portches eventually approved the original jury panel but reserved their right to appeal the court's decision.

The trial commenced and the Portches were awarded a small judgment against Ms. Sommerville. A poll of the jury showed the verdict was unanimous. A short time later a presentment hearing was noted at which time the Portches presented a motion for a new trial. The motion was vigorously opposed by Ms. Sommerville and denied by the court. The Portches filed a timely notice of appeal.

ANALYSIS

The sole issue on appeal is whether the trial court erred when it denied the Portches' motion for a new trial

based on alleged errors that occurred during jury selection. Our standard of review is abuse of discretion. *State v. Williamson*, 100 Wn. App. 248, 253, 996 P.2d 1097 (2000). Judicial discretion is abused if exercised on untenable grounds or for untenable reasons. *State v. Lawrence*, 108 Wn. App. 226, 233, 31 P.3d 1198 (2001), *review denied*, 145 Wn.2d 1037 (2002). However, even if the trial court abuses its discretion, in order for the error to be reversible, the appellant must demonstrate prejudice. *State v. Linden*, 89 Wn. App. 184, 189-90, 947 P.2d 1284 (1997).

■ A plaintiff is entitled to have his case submitted to a jury selected in the manner required by law. In a civil proceeding, each party is statutorily allowed three peremptory challenges. RCW 4.44.130. The procedure utilized in exercising this right is set forth in RCW 4.44.210, which states:

> The jurors having been examined as to their qualifications, first by the plaintiff and then by the defendant, and passed for cause, the peremptory challenges shall be conducted as follows, to wit:
>
> The plaintiff may challenge one, and then the defendant may challenge one, and so alternately until the peremptory challenges shall be exhausted. The panel being filled and passed for cause, after said challenge shall have been made by either party, *a refusal to challenge by either party in the said order of alternation, shall not defeat the adverse party of his full number of challenges, but such refusal on the part of the plaintiff to exercise his challenge in proper turn, shall conclude him as to the jurors once accepted by him, and if his right be not exhausted, his further challenges shall be confined, in his proper turn, to talesmen only.*

(Emphasis added.)

Peremptory challenges in criminal trials are governed not only by statute, but also by court rule CrR 6.4(e), which states in relevant part:

> After prospective jurors have been passed for cause, peremptory challenges shall be exercised alternately first by the prosecution then by each defendant until the peremptory

challenges are exhausted or the jury accepted. *Acceptance of the jury as presently constituted shall not waive any remaining peremptory challenges to jurors subsequently called.*

CrR 6.4(e)(2) (emphasis added). This rule clearly sets forth the procedure by which peremptory challenges are exercised in a criminal trial. The same procedure is set forth in the civil context in 14 Lewis H. Orland & Karl B. Tegland, Washington Practice: Trial Practice Civil § 207, at 416 (5th ed. 1996):

> [A]ll peremptory challenges must be taken or passed alternately, and a challenge once passed cannot be later used against any of the persons who were in the jury box at the time the challenge was passed. Challenges not used on the first twelve persons may be used against the new person called.
>
> It is immaterial whether, in the course of the proceedings, the right falls to the plaintiff or to the defendant to exercise the last challenge.

(Footnotes omitted.)

The Portches followed this procedure to the letter. They did not attempt to exercise a peremptory challenge on any of the jurors who had already been waived. The facts clearly show they attempted to exercise their first peremptory challenge on juror 15, who had just been placed in the jury box as the result of Ms. Sommerville's third peremptory challenge. The court's refusal to allow the Portches to exercise any peremptory challenge was based on reasoning that is not supported by RCW 4.44.130 or .210. Accordingly, the decision was an abuse of discretion.

■ This could be the end of our analysis except here the court, recognizing the Portches' reluctance to accept the jury panel in the box, offered to declare a mistrial and allow the parties to select a new jury. The Portches refused the court's offer because the court informed them it would not recuse itself and would rule the same way regarding peremptory challenges if a new jury venire were selected. In the Portches' opinion, the court's decision made requesting a new jury and conducting a second (or even third) voir dire

examination an exercise in futility. This contention is purely speculative. Declaring a mistrial and selecting a new jury panel was a proper remedy for the court's error under the facts of this case. The Portches' refusal to accept the court's offer of a mistrial at the time of the alleged error resulted in a waiver of subsequently requesting relief on the same issue. *Snyder v. Sotta*, 3 Wn. App. 190, 194, 473 P.2d 213 (1970) (plaintiff's refusal to accept offer of mistrial equated to permanent waiver of issue). Were it not, they would be rewarded for gambling on the verdict and requesting relief only if dissatisfied with the trial's outcome. *See Estate of Lapping v. Group Health Coop.*, 77 Wn. App. 612, 620-21, 892 P.2d 1116 (1995). Furthermore, we are not convinced that the Portches were prejudiced by the court's ruling. By their own admission, the Portches were asking to exercise only one peremptory challenge. Replacing one juror would not have affected the overall result since a unanimous jury is not required in a civil proceeding.

We affirm the trial court's denial of a new trial and deny the Portches' request for fees and costs.

BROWN, C.J., and SWEENEY, J., concur.